# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15-cr-00373 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | **MEMORANDUM OPINION** |
| ERIC JONES, | ) | |
| DEFENDANT. | ) | |

Before the Court is a letter from defendant Eric Jones ("defendant"), dated November 13, 2017 and received November 28, 2017, requesting a recommendation on his behalf to the Bureau of Prisons ("BOP") for placement in pre-release community confinement (Doc. No. 30 ["Letter"]). The government filed a response opposing defendant's request (Doc. No. 31 ["Resp."]). For the reasons set forth herein, defendant's request is **DENIED**.

## I. BACKGROUND

On April 11, 2016, defendant was sentenced to a 46 month term of imprisonment after pleading guilty to a two-count information for Conspiracy Against Rights and Hobbs Act Conspiracy in violation of 18 U.S.C. §§ 241 and 1951, respectively. (Doc. No. 22 ["Am. Judgment"] at 279-80.[1]) Defendant was previously employed as a police officer, and he used his position to unlawfully seize money and property from individuals during illegal entries. (Resp. at 333.) In one instance, defendant prepared and submitted a falsified affidavit so that he could obtain

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

a search warrant, which he used to secure entrance to and unlawfully seize money from the premises. (*Id.* at 333-34.) The Court ordered defendant to pay a total of $13,000 in restitution to the victims of his crimes. (Am. Judgment at 283.)

## II. DISCUSSION

Defendant now asks this Court to recommend him for "as much time as is possible in pre-release community confinement" to the Bureau of Prisons ("BOP"). (Letter at 332.) He cites his poor health and that of family members as justification for placement into pre-release community confinement, also known as a "residential re-entry center" ("RRC"). *See Demis v. Sniezek*, 558 F.3d 508, 510 (6th Cir. 2009). The government argues that defendant is "time-barred" and that the nature of his crimes does not warrant a court recommendation to community confinement. (Resp. at 334.) The Court agrees with both arguments and **DENIES** defendant's request.

The BOP, pursuant to 18 U.S.C. § 3624(c)(1) as amended by the Second Chance Act, Pub.L. No. 110-199, § 251(a), 122 Stat. 657 (2008), may place an inmate in community confinement for no longer than twelve months at the end of his or her sentence. *Demis*, 558 F.3d at 514. Courts may recommend a defendant be placed in community confinement toward the end of his or her sentence under the Second Chance Act. *Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1 (W.D. Pa. Aug. 12, 2008). Although the BOP must consider recommendations by a court in determining correctional facility placement, 18 U.S.C. § 3621(b)(4)(B), the BOP ultimately decides where to place inmates, including placements for pre-release community confinement. *United States v. George*, No. 14-20119, 2018 WL 2148179, at *2 (E.D. Mich. May 10, 2018) (citing *Goldings v. Winn*, 383 F.3d 17, 25 (1st Cir. 2004)). The BOP does not evaluate an inmate for pre-release placement until 17 to 19 months prior to his or her release date. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008).

When defendant's letter was filed February 1, 2018, his expected release date of November 1, 2019 was still 21 months out. (Resp. at 334.) A request for a recommendation for community confinement made before the BOP's 17 to 19 month timeframe is premature. *See Brown v. Shartle*, No. 4:10CV1000, 2010 WL 2697052, at *2 (N.D. Ohio July 6, 2010) (holding that the court could not order the BOP to consider the defendant for RRC placement because the defendant invoked the Second Chance Act before the 17 to 19 month period).

Even if defendant's request were not premature, the nature of his crime would bar him from being recommended by this Court. (Resp. at 334.) In his official capacity as a police officer, whose duty is to "protect and serve" the public, defendant instead violated the trust of the very individuals he swore to protect and serve. (*Id.* at 333.) Defendant also presents no evidence of behavior during his incarceration that demonstrates any attempt at rehabilitation. When courts make recommendations to the Bureau of Prisons for RRC placement, they usually do so based on records of an inmate's good behavior and efforts at self-improvement while in prison. *See, e.g.*, *United States v. Ahmed*, No. 1:07CR00647, 2017 WL 5166427, at *2 (N.D. Ohio Nov. 8, 2017) (granting motion for judicial recommendation for RRC placement based on defendant's extensive record of classes taken while incarcerated and accumulation of nearly two years of good-time credit). Defendant is unsuitable for and undeserving of pre-release community confinement, and this Court declines to make such a recommendation to the BOP on his behalf.

## III. CONCLUSION

For the reasons set forth herein, defendant's request for a judicial recommendation to the BOP for pre-release community confinement is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 26, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**